Case number 24-1071 and 24-1100, Annette McEachin v. Reliance Standard Life Insurance Company. Arguments not to exceed 15 minutes per side. Mr. Bockrock, you may proceed for the appellant. Good morning. Good morning. May it please the Court. I'm Josh Bockrock. I represent the appellant, cross-appellant Reliance Standard Life. This appeal involves interpretation of an ERISA limitation. And under the policy here, this limitation applies when benefits have been paid for a disability that is caused or contributed to by a mental or nervous disorder for 24 months. The Sixth Circuit has looked at this exact language in two different cases. And a number of other circuits have as well. And they've all concluded that what this language means is that if a mental illness contributes to a disability for 24 months in this case, some policies are a little different, then after that time period, the person has to prove that they're totally disabled purely from a physical condition. But that's not what the district court here found. So the language of the policies contributes to total disability. And so why isn't a way to think about it, and I thought this was actually consistent with what the other circuits in our case law was doing, but why isn't there a way to think about it that if you have an accident or whatever the problem is that physically makes you totally disabled, the mental health components are irrelevant. And that's what I think people mean when they say the but-for test. But that seems like the heart of the case. And I think you started by saying everyone else is not following that version of the case? Or you agree with that? Everybody is following it. The but-for? The but-for test. Okay, so now we have to understand what but-for means. Exactly. And what do you think about what I just said it means? Contributes to total disability. So you ask yourself first whether the physical limitations by themselves create total disability. If they do, you would not say the mental health is contributing to it because it's the physical that creates the total disability by itself. The only problem with that is under this language and this policy, total disability is defined to include a partial disability. So if a person is partially disabled, they're still considered totally disabled. So I think the important language here is contributes to during that 24-month period. Why would the word – so we've interpreted the entire clause, cause or contributed to, to mean but-for causation. I think there's a pretty good argument that maybe contributed to should have independent breath or something under the superfluity canon, but that ship has sailed it seems to me. And so your view is contributed to can mean something different depending on the factual situation in which it arises. So you distinguish this case from our earlier published precedent on the ground that that case arose in different facts where the mental had expired and they were still physically disabled and dependent. But why would we give the word contributed to or the phrase different meaning depending on the factual situation in which the phrase is applicable? I don't think we are giving it different meaning. In the Easton case, which was the first one addressed by this court, the person had depression and she had fibromyalgia. And this court said that because the depression contributed to the disability during the first 24 months, that means afterward she had to prove she was disabled from a purely physical condition. I'm looking at our later case. I'm blinking on the name.  Okuna. Don't you think Okuna interpreted Easton to effectively be but-for-cause, so without the mental condition she would not have been totally disabled? No. But then the two cases are inconsistent and we have to go with our published precedent. They're not inconsistent. Okuna involved the fact that the defendant in that case, same defendant, did not look to whether there was a purely physical disability at the end of 24 months. And that's why it found that the denial was improper. But I think it's to look for what this- Wait, can you repeat that again? Sure. What's your distinction of Okuna? In Okuna, the defendant did not look to whether the person was totally disabled from a purely physical condition after benefits were paid for 24 months. They just said, you received benefits for 24 months. The disability was contributed to by mental illness. You're done. And that's not what it says. That's not what the policy says. And I think the but-for, let's look at the but-for, because that is the key here, right? The but-for test began in the Gunn v. Reliance standard case. I'm not going to accept that's the key. We judges take phrases like this and send them off on voyages and we never know where it's heading. But keep going with your but-for. Understood, Your Honor. That's how I'm hearing it. Understood, Your Honor. So in Gunn v. Reliance, that's the first case to decide this. The person had, Mr. Gunn had multiple sclerosis. He also had severe depression. The multiple sclerosis, as Your Honors may be aware, there's remitting and relapsing. He wasn't physically disabled at the time benefits were ending, but he was severely depressed. And that court said that but-for his psychiatric mental and nervous disorders, he would be able to work after 24 months. That doesn't mean there's a but-for requirement earlier. I'm just really curious what your client's position is. So you just have a terrible accident. Someone's totally disabled by any conceivable measure, you know, let's just say paraplegic. And they had depression before the accident and they have depression after the accident. There's no doubt that they're totally disabled physically from the accident, but there's also no doubt that their mental health condition before and after contributes to a disability, as you put it when you started. How does your client deal with that? That is the George case. No cases. Just talk to me. Sure. Your Honor, so if the person has received 24 months of benefits and part of it's... And during that time, they have a mental health... Yeah. So in that case, they get 24 months of benefits. No, because they're still physically disabled after 24 months. In Your Honor's example, this person still would be disabled from a solely physical condition. So after those 24 months, they can still get benefits. Okay. I think that's the right answer, but I just want to make sure you're understanding the hypothetical. Yes, sir. But you would still be able to say literally that the mental health contributed to their total disability. I mean, you still have a doctor be able to say, yeah, I mean, this person can't work. I mean, they're very depressed. They have a hard time getting out of bed, whatever the point is. So that seems inconsistent with how you started. Even if we cured the body, I think is what he's trying to say. Like the body's not cured. Yeah. Oh, yeah. Oh, clearly the person still has that mental health condition, the mental illness after 24 months, but that fact can't be considered on whether they're disabled. You have to look solely at their physical condition because they've maxed out. It's contributed to by. So if they've maxed out the amount of benefits for a mental illness, here it's 24 months. Okay. Now let's look at your physical condition. Based on that alone, are you disabled? That's the but for. That was stated in the Gunn case and then later in the George case out of the Fifth Circuit. Maybe what I'm not understood is you're saying you do this at the very beginning. Just stick with me. All right. I know you know the answers, but make sure you're answering the question I have. So at the very beginning, they have mental health and physical issues, whether in combination or separately, that cannot work. You would say whenever mental health contributes in any way to the disability, the 24-month clock starts. And at the end of that clock, you now have to find out in that whether they're physically totally disabled, right? That's the way you're seeing it. Okay. So why does the language demand that? I mean, I understand why that's a very useful argument here. I don't understand why the language leads to that order of operations. Just one more point. I would say it's the opposite. I mean, this is an exception at the end. So it seems like it's asking, are you totally disabled? So forth and so on. And then there's this exception if the total disability only exists because of the mental health. That's the way I would say it naturally reads. I tend to agree, Your Honor. I argued that in the Fifth Circuit in the George case, and the court said no. What this language means is you pay 24 months of disability benefits. It doesn't matter if it, you know, as long as the disability was contributed to by the mental illness, then they're still entitled to more benefits after 24 months if they're physically disabled. So I argue that if you read the plain language here... Arguing about the Fifth Circuit case in which you argued what they did doesn't help the Sixth Circuit. I understand that, Your Honor. But what I'm saying is, so we've had the Eighth Circuit recently in an unpublished decision called where? I know, but Your Honor, every court has looked at this... Set aside precedent. Your plain text argument would have been powerful, but you're having us... This goes back to my point. You're asking us to change the meaning of the phrase depending on the factual situation in which it arises. So if you have two independent causes, mental and physical, both of which would have independently made you totally disabled, all of the courts have said, but for cause applies. It's not a but for cause because you're still totally disabled at the end. It just seems to me we have to do that on a month-by-month basis. And so for any particular month, we should ask, are you totally disabled because of your physical impairments? Setting aside mental. And if the answer to that is yes, then that month doesn't go into the 24 under Acuna's logic. I disagree with part of that. The but for is a causation, substantial factor. That language isn't in the policy. What the Ninth Circuit said, all the circuits... That but for test doesn't mean you look for but for causation of the mental illness before 24 months. It means, but for the mental illness, could this person work after 24 months? So that's backwards. The district court got it backwards here. But you have to look. You're right. For 24 months, and if I may continue this point, Your Honor, during that 24-month period, did this person, or for 24 months in the aggregate, because that's what the policy says, during that 24 months aggregate, was a mental illness contributing to the disability? Yeah, you would have to. Technically, you could check off each month. Yes, this month, this month. We don't need to in this case, and in most cases. In this case, this person treated with Oakland Psychological Services from September of 2017 up until the time of the denial over three years later. In this case, the Social Security said during this administration, in the ALJ's decision, found severe mental illness throughout this period. In this case... Your Honor, can I ask you a question? This is not a law question, most definitely not a precedent question. It's just a pure economics question. If you don't have the answer, no worries, but I'm just curious because I'm puzzled by this theory. I can't understand why it would make a difference. I mean, Reliance is like the defendant in like 70, maybe, well, it sounds like you argued every case, so 75% of these cases, it's your client, okay? So the theory you want us to adopt today, which is very fact-specific, you would obviously have to live with across the country, right? When I asked you the question about the terrible accident and the person had mental health issues before and after, you said, well, when they had them, the 24-month clock starts, and then at the end, we have to now decide at that point, is the person physically totally disabled? That's what I understood you to be saying. Now, obviously, you're going to, if that becomes the rule, and let's just say the Sixth Circuit rules the world, I can't understand why that's, I understand why that's helpful to you in this case. I can't understand why that translates into anything that materially different, right? Because you can have mental health coming in at all different times, and I think the real reason you accepted my hypothetical and said, no, we wouldn't do that, is because that can happen later, that mental health can happen before, and even if you lose here, it's still a 24-month limit. If mental health is what makes you totally disabled, right? So I'm just trying to figure out economically, would this really make a difference to your client? I'm not asking about the policy. I'm asking an economics question. I understand that, but I would just clarify it by saying it doesn't have to make you totally disabled, as Your Honor said. It has to contribute. Do you understand the question I'm asking? I do, Your Honor, and so I'm living with reality. I represent a client nationally, and as you've said, we've seen this issue in other circuits. We have to, under RISA, we have to decide cases universally. I just want to know economically. Economically? Given the concession that the total disability, you know, you can have mental health contributing at any time, it doesn't seem like it would make that much of a difference. It does, because what we see in these cases, more often than not, is it does not come in and out. It is a continual treatment. A lot of the times, there is this... Yeah, but as long as there's 24 months where the mental health is part, contributes to, then the clock is running. I agree, but the problem here is that the district court gave her, that happened for more than 24 months, the court gave her an addition. I'm talking about the whole country, like all of the policies. I understand. I think it is fact-specific, to be honest, Your Honor, because each claim is, you know, somebody may not treat continuously. Here, she did for 24 months. A person may get better. So my client in those cases does have to look at, okay, is this person, was she continually, in the aggregate, did she have 24 months of treatment in which mental illness contributed to the disability? Maybe I'm the one that's confused, but I'm just trying to figure out if the order of operations makes the difference economically, and it's just not obvious to me. Because what you're saying is, as soon as mental health enters into it, even if the person is still totally physically disabled, the 24-month clock starts. I'm saying the order of operations is, no, no, no, you start with whether they're totally disabled for physical reasons, and as long as that's true, that clock is irrelevant. But when it's not true, the clock can start if they're totally disabled in part because of this contribute. And I'm just thinking that order of operations wouldn't obviously translate one way or the other economically. But I think it does translate differently. It allows an additional 24 months of benefits, as was done by the district court here. Well, I get it with that one hypothetical, but that's why I was asking about all policies. In general? Wow. So the fact that, you know, I've... Your instinct is the order of operations makes a difference. I've represented this client for, gosh, 25 years or more, and you've seen, yeah, on this mental illness... Rewrite the policies? No, well, not originally, Your Honor. You've got the but-for-cause test being adopted by all the circuits. You seem not to like the test. No, I'm... It's totally in your control. Why don't you just rewrite the policy and say, contributed by means, you know, motivating factor, like in Title VII, and it doesn't have to be a but-for-cause. Well, because this court said it had a plain meaning. In the Easton case, I understand it's unpublished, but Easton said it means that it... Contribute means has an impact on, and it does. Her mental illness... Why don't you put that in the policy? Because it's better than caused by. Some policies used to say caused by, and then you have a but-for-cause, by the way. This says caused by or contributed to by, so you have to give meaning to that language that was put into this policy. That's what I meant by my question of contributed to total disability. Not to disability, total disability. Mental health does not contribute to total disability if physical limitations by themselves create total disability. So that's the linguistic response to your point. I'm just making sure you understand the question. Maybe I would argue that the mental illness made her totally disabled at some points during those... So you don't have to look at... The reason the contributed language is you don't have to focus on, okay, is it... Is she solely disabled physically or solely disabled mentally during that time period? You look at if there's a contribution from both. I mean, that changes the language in the policy by saying you don't look at... If she's solely physically disabled, you don't look at the mental illness until after she's no longer physically disabled, which is what the district court did here. But that's not the language in the policy here. The language says if the disability is caused or contributed to by a mental or nervous disorder, benefits will not be payable beyond 24 months. Now, again, could somebody read that and say you get nothing? How does mental health contribute to total disability if you're completely physically disabled? What is the answer to that? Because she's also completely mentally disabled. She was. But I'm just saying it doesn't contribute to if you're totally disabled physically, and that's the eligibility. I see what your honor is saying, but you can't parse that out. It says contribute... What do you mean? You guys brought this case to us. We've got to do some parsing. No, I mean parse out the physical from the mental. You see, if every court has looked at this... And again, I would ask you to look at the Easton case again, even though it's unpublished. Every court has said that if there's a contribution of the mental illness during the earlier 24 months, for a 24-month period, then you can't consider. That's the but for. You can't consider it but for the mental illness. We're probably going around in circles here, so you'll get your full rebuttal. Thank you so much for answering our questions, and let's hear from your friend on the other side. Good morning, your honors. Good morning. May it please the court, I'm Don Busta. I'm appearing on behalf of the plaintiff, Annette McEachin. In this case, Reliance is arguing that the district court erred by misapplying the but-for test in Acuno when awarding the additional 24 months of disability benefits for mental health after April of 2021. I would note, even if, in theory, the court did misapply the but-for test in Acuno, the court's decision isn't inconsistent with the policy language in cases cited by Reliance. I think one of the key points that I made in my brief was that it appears, based on prior decisions made by Reliance during the claims process, they're actually the complete opposite of what Reliance is arguing in this litigation. And this is something that the district court pointed out. I think it's worth repeating that the district court found that not only has Reliance failed to show that mental impairment was a but-for cause of McEachin's total disability claim prior to April of 2021, Reliance appears to have concluded just the opposite. And a few prior findings and notices that were sent by Reliance to McEachin stated the following. McEachin's medical records reflected no evidence of moderate to severe psychiatric symptoms or resulting functional limitations. This was a finding, I believe, in November of 2021. I'm sorry, November of 2020. No resulting functional limitations doesn't sound like caused by or even contributed to in my mind. Other examples were there were no findings that McEachin would be precluded from working while receiving psychotherapy. The district court did have a statement in its opinion, you can correct me if I'm wrong, that by all accounts your client did have mental disabilities throughout the time. I mean just there was stuff in their records suggesting this. Well McEachin, the initial disability was based on injuries sustained in two auto accidents. Now I'll concede that yes McEachin was a little bit later down the line receiving mental health treatment. I mean if you read the record you can't debate that. That was going on. But my point is that Reliance reviewed all this evidence. Reliance has cited treatment at Oakland Psychological, a social security decision in 2019. But Reliance's file reviewers reviewed all this evidence and found no resulting functional impairment from a mental health standpoint. So now they come here today and say well it was contributing the whole time. And I think this particular point I think is what differentiates this case with Easton. Is this an alternative ground for affirmance? Because I thought the district court said yes there may have been some mental impairments. But it doesn't matter because Okuna adopted a but-for-cause test. And the insurer failed to show that she was never physically disabled independently of any mental disabilities. Right. That's correct. But my reading of the district... So why, I guess Okuna, I think you have a good precedent-based argument. So Okuna does seem to adopt a but-for-cause test. I suppose the question I have for you is why doesn't that readout contributed to by? Because I mean usually we try to read words to have independent meaning if we can. And so you would say cause or contributed to by. The cause clearly would adopt but-for-cause I would think. But then what is contributed to by adding? What's the point of that phrase if cause already adopts but-for-cause? Well in that case, I mean if the district court's reading of Okuna was correct, I don't have to take this a step further and get into... No, I agree with you that you have a good precedent-based argument. So I'm setting a side precedent. They make arguments for why we can distinguish that we can deal with those. But I'm just asking as a matter of first principles, what do you think contributed to by is doing in the phrase, in the clause? You're asking what do I think that means? Yeah, and should we try to give it independent meaning from the original verb caused? Well I think, I guess if this answers your question, I think it has to be determined that it was causing the individual's inability to perform work. Belt and suspenders, is that your answer? Belt and suspenders? Caused, contributed to by, mean the same thing? Right, I think. I mean, you have Okuna, so. But why, maybe I'm not following this, but I would have thought the answer would have been a little different. So you have a mental health issue. One possibility is it causes total disability, but for mental health causes. And you have no physical disability, it's just really severe depression. So it's just but for, it caused it. The second hypothetical is you have some physical limitations. By themselves, they're not totally disabling, but in combination with your mental health disabilities, which contribute to total disability. So those are the ways in which the words each have meaning. So the first is mental health by itself caused the total disability. The second is it didn't by itself cause the total disability. It only caused it in connection with the contribution of the mental health, or the mental health contributed to the physical. Am I missing something? I mean, don't just say yes because it's a friendly question, but I could, but I'm just, that's how I was thinking about it. So maybe I've got it wrong. No, I don't think. No, I don't think you. No, I don't believe so now. Well, and Burrage is the case nobody cited, but Justice Scalia suggested it could be a cause if it's the straw that broke the camel's back, meaning it was the additional element that created the situation. So I would think under the hypothetical, where it just was in addition to, you'd still call it a cause. Right, and I don't think. Let me answer Judge Murphy's question. The goal is not only to make one word not relevant. The goal ideally is to make both words work. And if we adopt the skilly interpretation of cause, we're making life harder for respecting the language of the policy, I think. But just to add to that, it's rare that we read cause by itself to mean sole cause. Yeah, that's true, but it's not by itself. Yeah, yeah. But my main point I was trying to get across on that. Forgive us. Is that. Can I ask you a practical question? I don't know if you litigate a lot in this area, but Mr. Bacharach clearly knows this area. And one thing that I don't think I'd quite appreciate about his position until argument, is there is a cleanness about this. I mean, you've got this exception. You've got some ambiguity about how these things work. And I must say, there is something. This is my question if I'm right about this. But there is something kind of efficient about implementing these policies in a uniform way where the minute someone says they're totally disabled, you just ask, does mental health contribute in any way to this? If so, the 24 o'clock runs. Let's not worry about it. You're getting it. We're not going to ask questions. But at the end of 24 months, it's pretty clean. You're now just asking one question. Are you totally disabled due to physical reasons? Is what I took him to be saying. And that does sound maybe a little more efficient, particularly when you look even, this case kind of illustrates it, how complicated it is to dive back and forth. Right. So you would agree? I would say in this case, at the very beginning of the claim, this claim was not filed for mental health reasons. McEachin was in an auto accident. Okay, so that just means the 24 month clock wouldn't start then. But it does start the minute there's any mental health component to this. That argument could be made. And again, in my... No, no, no. You just proved that he's wrong about efficiency, or at least there's a big asterisk there. Because you have a terrible accident. You're clearly totally disabled due to physical reasons. The 24 month clock doesn't start. And at that point, there's nothing correctable about this, right? There's nothing correctable. You're physically going to be totally disabled. He seems to be suggesting... You would suddenly have to, every year or so, be saying, doctor's note, is mental health contributing to the total disability? That actually would be incredibly complicated. I guess, in a side, just in my experience representing clients and other policies with other insurance companies... Someone else besides Reliance does this? They do. And this issue doesn't seem to come up. And so much, at least in this way. I'll see cases where someone is found disabled physically. Maybe there's some mental health. Some mental health related issues. Throughout the process, the insurance company finds they're not disabled physically. Then, they say, okay, let's look at this physically. Then, the 24-month clock starts ticking. Because benefits were awarded based on physical from the very beginning. And then, the clock starts ticking on the mental health when it's found that the physical disability has ended. This is how I, just anecdotally, see other insurance companies handle claims. Reliance seems to be more aggressive on this particular issue. I would read it to adopt a month by month. And the reason I think I get that is the instinct that it says aggregate lifetime maximum duration of 24 months. So, you could envision a scenario where you have six months of mental health treatment. You get better. But, you're still physically disabled. And then, six more months, like maybe a year later of mental health. And then, you add it all up. And so, what's wrong with just saying, I mean, it's somewhat more complicated, I suppose. But, you just ask each month, was mental health but for cause of the total disability? And if not, that month doesn't go into the 24-month, within the language, aggregate lifetime maximum. So, if I understand you correctly, you're talking about looking at things month? Yeah, it's a 24-month maximum limit. It says aggregate lifetime maximum duration of 24 months. So, you just ask.  The mental health does not necessarily have to be but for cause in all the months. And so, you just ask in any particular month without, was physical disability independently, did it independently render the individual totally disabled? And if so, that month just simply shouldn't count. Right, I think that would make sense. And, I'd like to move on to my argument on cross-appeal. I have a short amount of time to discuss this. But, McEachin is appealing the district court's affirmation of reliance's denial of LTD benefits for physical purposes as of April of 2021. And, our primary position here is that the district court filed the inappropriate time frame, in this case, to evaluate evidence. What part of your evidence is evidence about before April 1? About her condition before April 1. I took most of your evidence to be about things that happened after April 1. Yes, and that's my argument, your honor. You know, the district court cited... I thought that was a problem. Well, we're talking about the physical, on the physical issue. The district court cited LICAS, which basically states, a plaintiff must show continuous disability because coverage ends when a disability ends. And, deterioration of health after that date is not relevant. So, for that reason, the district court didn't consider significant evidence of deterioration of McEachin's physical condition, which included new testing, a disabling... I'm out of time. Okay, well, we have the briefs, so thank you very much. Okay, thank you. We appreciate your argument. We'll hear some rebuttal from Mr. Bachrach. Your honors, before I delve back into the contributed to, but I want to correct a few factual issues. One is, counsel said my client never considered her to be her mental illness to contribute to a disability. That's incorrect. In our briefs, March 7, 2018, there's a medical review, which referred to ongoing individual psychotherapy, multiple somatic symptoms, conflict with teenage son. Okay, so they did recognize it. Later on, in April 2020, she lacks work capacity for worsening depression following her son's suicide. And, it's horrible. But, for counsel to say that after that, and when you look at the records, even before that, that she wasn't mentally, there was no mental disability, that's just not true. And, it was recognized before the benefits ended, before 2021 and 2020. Can I ask you, I did have a significant concern with a cross-appeal legal issue. I didn't ask you in the opening, so I want to give you a chance to address it. So, I viewed our LICAS decision as potentially distinguishable. And, LICAS says you're not supposed to consider evidence of physical impairments after the date the insurer determines that the individual is no longer totally disabled. And, that made sense to me because it's a policy that only gives coverage for continuous disability. So, even if it's like, you know, a month where you're not totally disabled, it doesn't matter what happens afterwards. The reason why I don't think that is possible here is because even you can see that she has been totally disabled throughout. It's just that the total disability at one point was physical and then on the day you denied benefits, it was mental. But, there is no question that even according to your denial that she was still totally disabled. So, why wouldn't that itself distinguish LICAS? Because LICAS was, there was no total disability physical or mental on this date. So, who cares what happens afterwards? This case, it's just the total, the nature of the total disability changed from physical to mental. So, it seems to me if her physical stuff got better within the span of when she was still totally disabled, it's perfectly appropriate to look at it. Because there was never a decision, my problem with your Honor's example is there was never a decision that said you are only physically disabled prior to the denial, ever actually. Has there ever been a decision that she's not totally disabled? That she was not totally disabled? Well, yes. The final decision was she is totally disabled, but it's because of a mental disability and it triggers this other provision. But, the reasoning of LICAS is that it's not under the mental provision, it's under the, we will pay benefits until you are no longer totally disabled. And she has continued to be totally disabled, it's just based on mental now rather than physical. And so, if the physical gets worse, she continues to be totally disabled because of both. If your Honor accepts my argument and the way that every other circuit has read this language, and this circuit too in the Easton case, that once a disability is contributed to... I got that, but that depends... Then it's done. Then you don't have to look at her condition later on because it's done. That depends on us accepting the first argument. And I think based on precedent, based on the fact that you'd then be going against several circuits to rule the other way, and I don't think that's the proper interpretation. Your Honor said it, I think, very succinctly. To accept that interpretation of but-for causation, or maybe it was Judge Larson, you already have caused. So, if but-for cause is already there, you have to give meaning to under contractual, under ERISA interpretation, you have to give meaning to the term contributed to. So, the but-for has to mean something else. And the but-for in this case wasn't a but-for causation necessarily. Again, I'd implore your Honors to look at the language in Gunn and then its interpretation of but-for in the George case of the Fifth Circuit. Because Gunn is what Okuno relied on for this but-for causation. And what it says is, after you've received benefits for 24 months for a disability that is contributed to by mental illness, but-for that mental illness is the person capable of working. So, that's different. I think we understand your argument, so thank you very much. Thank you, Your Honors. I appreciate your time. I appreciate both your briefs and for answering our questions. The case will be submitted.